```
                        UNITED STATES DISTRICT COURT
                          DISTRICT OF CONNECTICUT

------------------------------- X
In re: MICHAEL S. CANNATA, IV,  :
                                :
         Debtor                 :
                                :  Civil No. 3:16-cv-2125(AWT)
                                :
JOHN B. STERRY and P. JANE      :
STERRY,                         :
         Appellants,            :  Bky. Pet. No. 16-30905 (AMN)
                                :  Chapter 7
v.                              :
                                :
MICHAEL S. CANNATA, IV,         :
                                :
         Appellee.              :
------------------------------- X
```

## **RULING ON BANKRUPTCY APPEAL**

John B. Sterry and P. Jane Sterry (the "Appellants") appeal from orders entered in the Chapter 7 bankruptcy proceeding of Michael S. Cannata, IV (the "Appellee").

After the Appellee commenced his bankruptcy case by filing a voluntary petition under Chapter 7, the Bankruptcy Court scheduled a § 341 Meeting for July 8, 2016. The Appellants were scheduled as creditors and received notice, but no one appeared for them at the § 341 Meeting. The deadline for the Appellants to commence discharge litigation was September 6, 2016.

On September 6, 2016, the Appellants filed a motion for an extension of time in which to commence discharge litigation. They sought an extension to September 22, 2016. A hearing on the motion for an extension of time was set for October 19,

-1-

2016, and on October 12, 2016, the Appellee filed a timely objection to the motion for an extension of time.  On October 18, 2016, the Appellants filed an amended motion for an extension of time, seeking an extension to October 24, 2016.

On October 19, 2016, the Bankruptcy Court granted the Appellants an extension of time to September 22, 2016 and denied the amended motion for an extension of time as untimely because it was filed after September 22, 2016.  On October 24, 2016, the Appellants commenced an adversary proceeding seeking to deny the debtor a discharge.  The Appellee filed a motion to dismiss the adversary proceeding, which was granted.  Thereafter, the Appellants filed a motion for reconsideration, which was followed by an amended motion for reconsideration.  The Appellee objected to reconsideration and the Bankruptcy Court sustained the objection.  On December 16, 2016, the Appellee received his discharge.

"Generally in bankruptcy appeals, the district court reviews the Bankruptcy Court's factual findings for clear error and its conclusions of law de novo." In re Charter Commc'ns, Inc., 691 F.3d 476, 482-83 (2d Cir. 2012).  Mixed questions of law and fact are reviewed de novo.  See AUSA Life Ins. Co. v. Ernst & Young, 206 F.3d 202, 209 (2d Cir. 2000). "The decision to grant or deny a motion for an extension of time is generally within the discretion of the appropriate court . . . ." In re

Burger Boys, Inc., 94 F.3d 755, 760-61 (2d Cir. 1996).

The court notes that the Appellee raises, as a threshold issue, mootness. "The Supreme Court has instructed that a case becomes moot only when it is 'impossible for the court to grant any effectual relief whatever to a prevailing party.'" In re Boodrow, 126 F.3d 43, 46 (2d Cir. 1997) (emphasis in original) (quoting Church of Scientology of Cal. v. United States, 506 U.S. 9, 12 (1992)).  The fact of discharge, in itself, does not moot an appeal.  See, e.g., In re Sherman, 491 F.3d 948, 968 (9th Cir. 2007) ("A bankruptcy court proceeding is not moot even after a discharge order has been entered so long as 'the appellate court [can] fashion relief that is both effective and equitable.'") (alteration in original) (citation omitted)). However, the cases cited by the Appellee are not on point, and the Appellants do not address this issue.  Therefore, the court has analyzed the merits of the appeal.

The Appellants argue that the Bankruptcy Court erred by denying their amended motion for an extension of time because it was filed before the hearing on the motion for an extension of time.  Federal Rule of Bankruptcy Procedure 4007(c) provides that

> [e]xcept as otherwise provided in subdivision (d), a complaint to determine the dischargeability of a debt under § 523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a). The court shall give all creditors no less than 30 days' notice of the time so fixed in the manner

>    provided in Rule 2002. On motion of a party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. <u>The motion shall be filed before the time has expired.</u>

(emphasis added.)

"[T]he Supreme Court made clear that deadlines in the Bankruptcy Rules mean what they say and that violations of such deadlines cannot be ignored or excused."  9 <u>Collier on Bankruptcy</u> ¶ 4007.04-6 (16th ed. 2017) (citing <u>Taylor v. Freeland & Kronz</u>, 503 U.S. 638, 644 (1992) ("[D]eadlines may lead to unwelcome results, but they prompt parties to act and they produce finality.")).  The discussion of Rule 4007(c) in <u>Collier on Bankruptcy</u> makes it clear that strict compliance with the deadlines in that section is required.  <u>Id.</u> at ¶¶ 4007.04, 4007.04[1][c], 4007.04[3][a] to [3][b].

   Here, the deadline for the Appellants to commence discharge litigation was September 6, 2016.  The Appellants filed their motion to extend the deadline to September 22, 2016 on September 6, 2016, i.e. before the time had expired.  However, they neglected to file an additional motion for extension of time to extend the time beyond September 22, 2016 on or before September 22, 2016, which is what they were required to do in order to have filed such a motion before the time had expired.  The Bankruptcy Court apparently found that there was cause to extend the time to September 22, 2016, so its decision to grant the initial motion for an extension of time was correct.  The

Bankruptcy Court's decision to deny the amended motion for an extension of time was also correct because the motion was prohibited by Rule 4007(c) as untimely.

Thus, the court finds unpersuasive the Appellants' arguments that the "Bankruptcy Court erred in failing to acknowledge and/or consider doctrines of waiver, estoppel, equitable tolling and/or equitable considerations" and "erred in failing to exercise authority set forth in 11 U.S. Code §105(a) and depriving Appellants of rights and remedies under 11 U.S.C. §523(A)(6)."  (Appellants Br., Doc. No. 10, at 22, 26.)

Moreover, because the Appellants filed their adversary proceeding after the deadline for filing it had passed, it was properly dismissed and their motions for reconsideration were properly denied.  Therefore, the Bankruptcy Court properly discharged the debtor on December 16, 2016.

Accordingly, the orders of the Bankruptcy Court are hereby AFFIRMED.

The Clerk shall close this case.

It is so ordered.

Signed this 23rd day of March 2018, at Hartford, Connecticut.

                                          /s/ AWT
                                      Alvin W. Thompson
                              United States District Judge